**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CARRIER CORPORTATION**                                                                      **PLAINTIFF**

**vs.**                                                                     **CRIMINAL No. 3:24-CV-217-HTW-LGI**

**CHARACTER ONE LLC, et al.**                                                            **DEFENDANTS**

---

### AMENDED ORDER GRANTING PARTIAL SUMMARY JUDGMENT

---

BEFORE THE COURT is the Motion for Summary Judgment **[Doc. 43]** filed by the Plaintiff, Carrier Corporation ("Carrier" or "Plaintiff"). This litigation has undergone a significant transformation since its inception. Following United States Magistrate Judge LaKeysha Greer Isaac's Order granting leave to amend **[Doc. 53]** and Plaintiff's subsequent filing of its First Amended Complaint **[Doc. 54]**, Plaintiff Carrier now seeks relief against an expanded roster of Defendants, listed *infra*. In accordance with Carrier's request **[Doc. 44]**, this Court now addresses Carrie's summary judgment motion as a Motion for Partial Summary Judgment, concerning only the alleged breach of the contract claim (Count I) against the original Defendant, Character One LLC ("Character One").

### I.      JURISDICTION AND VENUE

This Court possesses subject matter jurisdiction over this controversy under 28 U.S.C. § 1332[1], hailed as "diversity jurisdiction". Complete diversity of citizenship exists here. Carrier is a corporate citizen of Delaware and Florida.

---

[1] 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States.").

Defendants, as named in the First Amended Complaint, are all citizens of the State of Mississippi, as follows:

- Character One LLC: A Mississippi limited liability company whose sole member, Jared Kobs, is a resident and citizen of Mississippi.

- Character Zero, LLC: A Mississippi limited liability company whose sole member, Jared Kobs, is a resident and citizen of Mississippi.

- Kudzu Cannabis Company, LLC: A Mississippi limited liability company whose sole member, Jared Kobs, is a resident and citizen of Mississippi.

- Kobs Kudzu, LLC: A Mississippi limited liability company whose sole member, Jared Kobs, is a resident and citizen of Mississippi.

- Jared Kobs: An individual who is a resident and citizen of the State of Mississippi.

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is proper in this division under 28 U.S.C. § 1391(b)[2],as the Defendants reside within this district and the events giving rise to the claim occurred herein.

As stated earlier, this Court has subject matter jurisdiction over this controversy pursuant to § 1332. Under the long-standing *Erie* doctrine, a federal court sitting in diversity under §1332 must apply the substantive law of the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); accordingly, this Court applies the substantive law of Mississippi to the contract dispute at hand.

## II.    FACTUAL BACKGROUND

Character One, acting through its sole member and manager, Jared Kobs, sought to procure twenty-four (24) specialized rooftop cooling units for a proposed cannabis cultivation facility in

---

[2] 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.").

Canton, Mississippi. On June 9, 2022, Character One executed a formal quote with Carrier for a total contract price of $509,305.02. Character One remitted a twenty-five percent (25%) deposit of $118,996.50 on June 13, 2022, to initiate the order.

In September 2022, Character One's then-CFO, Rob Levy, informed Carrier that third-party funding for the Canton facility had "fallen through, and [Charter One was] currently unable to continue with the construction process". *See* [Doc. 44 at 3]; [Doc. 43-3]. On November 29, 2022, however, Jared Kobs (hereinafter, "Kobs") explicitly countermanded any cancellation of contract, instructing Carrier that Character One did "NOT want to cancel," as he intended to utilize the units at a different facility. Character One alleges that, during this period, Carrier agreed to an open-ended "hold" on delivery while Kobs secured a new location.

Notwithstanding this alleged oral hold, Carrier transported and delivered the units to Mississippi in late March and early April 2023. Character One protested the arrival of the units as premature. Rather than rejecting the shipment, however,  Kobs directed the delivery drivers to an alternative site in Vicksburg, Mississippi. There, he accepted the units on behalf of the company and signed the delivery receipts.

Upon acceptance of delivery, says Carrier, Character One became responsible for paying the remaining balance of $390,308.52, which became due on May 21, 2023. Character One,  under the direction of Kobs, began liquidating the equipment in lieu of satisfying its debt. Character One sold seventeen (17) of the units to third parties for approximately $200,000.00. Carrier alleges that these proceeds were not used to pay the outstanding invoice, but instead were systematically diverted.

The First Amended Complaint [Doc. 54] alleges that Kobs orchestrated the transfer of these funds into Character Zero, LLC; Kudzu Cannabis Company, LLC; and Kobs Kudzu, LLC; all

entities owned or controlled by Kobs. Carrier specifically alleges that Kobs utilized Character One as a mere "alter ego" to incur liabilities while siphoning its assets into his other ventures, effectively rendering Character One a defunct, judgment-proof shell. To counter these claims, Defendants have submitted affidavits asserting that Character One remains a separate legal entity; however, Carrier argues these are "sham affidavits" that contradict Kobs' prior admissions regarding the lack of corporate formalities and the direct transfer of sale proceeds.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 56[3] mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. This standard applies with equal force to motions for partial summary judgment, which allow the Court to dispose of specific claims or defenses while leaving others for trial. *See* Fed. R. Civ. P. 56(a). The Court does not sit to weigh the evidence or determine the truth of the matter; rather, its singular function is to discern whether a genuine issue exists for trial. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if its resolution might affect the outcome of the lawsuit under the governing law. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). If the moving party meets this burden, the non-movant must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

---

[3] Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

This Court resolves all factual controversies in favor of the non-moving party, but only when an actual controversy exists; that is, when both parties have submitted evidence of contradictory facts. *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996). The Court will not, in the absence of any proof, assume that the non-moving party could or would prove the necessary facts. *See e.g. Celotex.*

## IV.    DISCUSSION

The Mississippi Uniform Commercial Code ("UCC") provides the governing framework for this commercial sale. Under the UCC, a buyer must pay the contract rate for any goods it accepts[4]. Acceptance occurs when a buyer "does any act inconsistent with the seller's ownership."[5]

Character One anchors its defense on an alleged "hold agreement," arguing that Carrier breached this agreement by delivering the units prematurely. This argument is a legal *non sequitur*. Even if the Court assumes a breach of a delivery timeline occurred, the UCC provides a specific remedy: rejection. *See* Miss. Code Ann. § 75-2-602. Character One did not reject the goods; it exercised total dominion over them.

The Fifth Circuit has remained steadfast in holding that when a buyer takes possession of goods and then sells them or uses them in its business, that buyer performs an act "inconsistent with the seller's ownership," thereby waving the right to claim a prior breach as an excuse for non-payment. *See Delhomme Industries, Inc. v. Houston Beechcraft, Inc.*, 735 F.2d 177 (5th Cir. 1984). By liquidating seventeen units, Character One performed the ultimate act inconsistent with

---

[4] Miss. Code Ann. § 75-2-607(1) ("The buyer must pay at the contract rate for any goods accepted.").

[5] Miss. Code Ann. § 75-2-606(1)(c) ("Acceptance of goods occurs when the buyer does any act inconsistent with the seller's ownership.").

Carrier's ownership. This conduct ratified the delivery, regardless of its timing, and rendered the obligation to pay the contract price absolute.

Character One further asserts that Carrier failed to mitigate damages by not repossessing the units or filing a lien. This argument misapprehends the law. Under the UCC, a seller's right to recover the contract price for accepted goods is not conditioned upon the seller's attempt to repossess those goods[6]. A seller is not required to chase its own equipment once the buyer has exercised ownership. Further, the duty to mitigate does not require "unreasonable" steps or expenses. *See Tennessee Valley Sand & Gravel Co. v. M/V Delta*, 598 F.2d 930, 932 (5th Cir. 1979).

While the Court reserves final judgment on the liability of the newly added Defendants, the "alter ego" allegations against  Kobs weigh heavily on the undisputed nature of the underlying debt. Mississippi law allows the corporate veil to be pierced where the entity is a mere "instrumentality" of the individual used to commit a fraud or injustice. *See N. Am. Plastics, Inc. v. Inland Shoe Mfg. Co.*, 592 F. Supp. 875, 877 (N.D. Miss. 1984).

Carrier has presented evidence that Kobs admitted to transferring sale proceeds directly to his other entities. In response, Defendants offer affidavits asserting corporate separateness. The Fifth Circuit does not allow a party to "manufacture a dispute of fact" through novel affidavits that contradict prior testimony. *See Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000)(internal citations omitted). The act of acceptance and the subsequent debt are established by Kobs' own conduct and admissions.

---

[6] Miss. Code Ann. § 75-2-709(1)(a) ("When the buyer fails to pay the price as it becomes due the seller may recover . . . the price of goods accepted.").

The contract liability of Character One, therefore, is ripe for summary judgment regardless of the ongoing "alter ego" discovery.

## V.    CONCLUSION

Character One accepted the goods, sold them for a profit, and kept the proceeds. It cannot now maintain that it owes nothing. This Court notes that the First Amended Complaint raises serious questions regarding the fraudulent transfer of these proceeds; nonetheless, in this Court's eye, Character One's liability for the underlying debt has been established.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment **[Doc. 43]** is **GRANTED AS TO COUNT I (Breach of Contract)** against Character One LLC.

**SO ORDERED**, this the 1st day of July, 2026.

**/s/HENRY T. WINGTATE**
**UNITED STATES DISTRICT COURT JUDGE**